**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF TEXAS**
**EL PASO DIVISION**

| | | |
|---|---|---|
| **CARL STARR,** | § | |
| | § | |
| **Plaintiff,** | § | |
| | § | |
| **v.** | § | **CAUSE NO. EP-26-CV-1037-KC** |
| | § | |
| **MARKWAYNE MULLIN and TOM LYONS,** | § | |
| | § | |
| | § | |
| **Defendants.** | § | |

## ORDER

On this day, the Court considered the case.

Federal Rule of Civil Procedure 4(m) requires:

> If a defendant is not served within 90 days after the complaint is filed, the court . . . must dismiss the action without prejudice against that defendant or order that service be made within a specified time.  But if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period.

Fed R. Civ. P. 4(m).

Plaintiff filed his Complaint, ECF No. 1, on April 10, 2026.  On May 18, Plaintiff filed an Affidavit of Service, ECF No. 4.  The Affidavit provides that the "First Amended Complaint with a Rule 4 Wave [sic] of Summons" was served on Defendants on May 11.  *Id.*  On June 30 summonses were issued, but these have not been returned.  *See* Summonses Issued, ECF No. 5.  Thus, it appears that the Defendants were served with a copy of the First Amended Complaint and perhaps a request for waiver of service, but were not served with summonses as required by Federal Rules of Civil Procedure 4(c) and 4(i).  Either that or Plaintiff has not filed proof of service as required by Rule 4(*l*).  More than ninety days have passed since Plaintiff filed his Complaint.

Accordingly, the Court **ORDERS** Plaintiff to **FILE** proof of service on Defendants **by no later than August 14, 2026**.  Failure to comply may result in dismissal of the case.

**SO ORDERED**.

SIGNED this 14th day of July, 2026.

KATHLEEN CARDONE
UNITED STATES DISTRICT JUDGE